# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PAUL Y. PENDER, )
)
      Plaintiff, )
)
v. ) Case No. CIV-13-405-M
)
RAY LAYHOOD, Secretary, U.S. )
Department of Transportation, )
)
      Defendant. )

## ORDER

Before the Court is Defendant's Motion to Dismiss, with Brief in Support, filed on July 15, 2013. On August 12, 2013, plaintiff filed his response, and on August 19, 2013, defendant filed its reply.

I.    Introduction

Plaintiff is a sixty-four year old individual with disabilities. Plaintiff was employed by the United States Department of Transportation, Federal Aviation Administration (hereinafter, "defendant" or "FAA")[1] located in Oklahoma City, Oklahoma. On January 25, 2005, plaintiff attended a dinner hosted by Rockwell Collins, a company engaged in business with the FAA. An FAA investigation of anonymous complaints to the Office of Inspector General ("OIG") resulted in an investigation that found plaintiff and his co-workers violated the standard of ethical conduct by allowing Rockwell Collins to pay for the 2005 dinner.[2] During an interview

---

[1] Plaintiff worked at the FAA Mike Monroney Aeronautical Center ("MMAC") as a Program Manager and senior buyer within the Flight Inspection Operations Group of the Technical Ops Aviation Standard Office at the MMAC.

[2] FAA's policy prohibits employees from receiving gifts in excess of $20 from contract companies doing business with the FAA. Once divided equally among the 2005 dinner attendants, the average cost of the meal per person was $30.37.

1

with OIG Special Agents, plaintiff objected to this allegation asserting that he had thrown money on the table to cover the cost of his meal.

Subsequently, on October 4, 2011, FAA issued a letter of reprimand to plaintiff for violating FAA's standard of ethical conduct. Specifically, the letter stated that this reprimand is based on plaintiff's acceptance of dinner from Rockwell Collins without payment; that this violation calls for penalty ranging from reprimand to removal; that even if he threw the money on the table as he alleges, it is not the same thing as asking for his own bill and paying for his dinner; and that his lack of judgment has cast a cloud on his integrity. As a result, the letter of reprimand stated that plaintiff would have to attend an ethics training session; that the letter will serve as a basis for more severe disciplinary action if future instances of misconduct occur; and that the letter will stay in his Official Personal Folder ("OPF") for a maximum of two years.

However, the letter also stated that plaintiff has the option of objecting to the letter of reprimand and offering his reasons and explanations, and if, after plaintiff's objection, the FAA withdraws the letter, the notice will not be filed in plaintiff's OPF. On October 4, 2011, Plaintiff objected to the letter of reprimand, and also, subsequently, filed an administrative complaint alleging discrimination in employment based upon his age and disability. On November 22, 2011, the FAA withdrew the letter of reprimand stating that based on the investigation and plaintiff's response to the reprimand letter, there was not sufficient evidence to make a determination one way or the other. After the letter had been rescinded, on December 30, 2012, plaintiff retired and now alleges that he retired before he wanted to and sustained various monetary damages as result of defendant's actions.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

II.  Discussion

Defendant claims that plaintiff fails to state a claim for age and disability based discrimination. To set forth a prima facie case of age discrimination under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must establish that (1) he is a member of a protected class protected by the statute, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). Similarly, to set forth a prima facie case of disability discrimination under the Rehabilitation Act of 1973,[3] a plaintiff must establish that (1) he was a disabled person within the meaning of the law; (2) he was qualified to perform the essential functions of the job; and (3) he suffered discrimination by his employer because of that disability. *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011). "To demonstrate 'discrimination,' a plaintiff generally must show that he has suffered an 'adverse employment action because of the disability.'" *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1038 (10th Cir. 2011) (citations omitted).

A written reprimand may constitute an adverse action. *Medina v. Income Support Div.*, 413 F.3d 1131, 1137 (10th Cir. 2005). However, a written reprimand may constitute an adverse employment action only if the reprimand letter is materially adverse to the employee's job status and amounts to a significant change in his employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Lewis v. Denver Fire Dept.*, No. 09-cv-0004-RBJ-MJW, 2011 WL 6841530, at *5 (D. Colo. Dec. 29, 2012) (quoting *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1230 (10th Cir. 2004)).

---

[3] The Court applies the standards from the American with Disabilities Act in analyzing plaintiff's Rehabilitation Act claim. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

Defendant asserts that plaintiff's complaint does not plausibly suggest he was targeted or treated differently due to his disabilities or age. Specifically, defendant contends that (1) the other individuals that received letters of reprimand were "significantly younger" than plaintiff, and were not individuals with disabilities, and (2) although plaintiff alleges that others were told their letters would be retained in their OPF for a shorter period of time, plaintiff's reprimand was rescinded before becoming finalized.

In addition, defendant asserts that the letter did not constitute an adverse employment action because the letter of reprimand is not an adverse employment action that affected plaintiff's terms and conditions of employment. Specifically, defendant contends that because defendant rescinded the letter of reprimand, it had no effect upon the terms and conditions of plaintiff's employment. Further, defendant asserts that even if the letter was not rescinded, it would not have constituted an adverse employment action because plaintiff has not alleged that the letter would have altered his duties and responsibilities, benefits, or pay nor that it would have affected his promotion potential or likelihood that he would be terminated. As such, defendant asserts that the rescinded letter of reprimand does not rise to the level of an adverse employment action.

Lastly, defendant asserts that the complaint does not state a plausible constructive discharge claim because it lacks sufficient factual allegations. Specifically, defendant asserts that plaintiff's complaint does not allege any objectively intolerable working conditions; instead, plaintiff alleges his subjective feelings as a result of the letter of reprimand.

In his response, plaintiff asserts that he has been targeted and treated differently due to his age and disabilities. Specifically, plaintiff asserts that (1) other younger non-disabled employees did not receive a letter of reprimand under similar circumstances, and (2) he received

more severe discipline than the other younger, non-disabled employees who admitted violating the same policy that plaintiff denied violating.

In addition, plaintiff asserts that he has suffered adverse employment action. Specifically, plaintiff asserts that the letter of reprimand stated that plaintiff is being reprimanded because he has violated an ethic of conduct that calls for a penalty ranging from a reprimand to removal; that his lack of judgment has cast a cloud on his integrity; that the reprimand letter will be placed in his official personal folder for two years; and that this letter will form the basis for more severe disciplinary action if future instances of misconduct occur. Thus, plaintiff asserts that based on the contents of the letter, he has suffered an adverse employment action and the fact that the letter was rescinded after two months of its issuance and after plaintiff filed an age and disability discrimination complaint with the EEOC is of no consequence.

Having carefully reviewed the Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has set not set forth sufficient factual allegations to state a plausible claim for age and disability discrimination.[4] Specifically, plaintiff has failed to allege sufficient facts that he suffered adverse employment action. Plaintiff alleges that he has suffered an adverse

---

[4] Plaintiff asserts in its response that he has provided sufficient factual averments in his Complaint that are legally sufficient to state claims for discrimination based on age and disability. Specifically, plaintiff points out that he has provided specific dates and times of the discriminatory acts, identified individuals who were treated more favorable than plaintiff, identified the specific managerial officials involved, and also specified the nature and extent of his injuries caused by defendant's discriminatory act. In addition, plaintiff cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) to support his proposition that he need not plead a prima facie case of discrimination in his complaint because he is entitled to have an opportunity to discover direct evidence of discrimination. However, the Court finds that plaintiff fails to sufficiently address the requirement that a plaintiff must assert enough facts to state a claim to relief that is plausible on its face. In other words, while plaintiff is not required to establish a prima facie case in his complaint, the elements of each alleged cause of action help to determine whether plaintiff has set forth a plausible claim, which, here, the Court finds plaintiff has not done so. *See Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012).

6

employment action based upon the contents of the letter; however, this letter was not finalized or entered into his OPF and was pending a final ruling after plaintiff had an opportunity to object to the letter. After plaintiff objected, the letter was rescinded. The Court, therefore, finds that this letter of reprimand that was subsequently withdrawn before being placed in his official employment file does not by itself rise to the level of an adverse employment action.

In the alternative, plaintiff requests leave to file an amended complaint reasserting his age and disability claims against defendant. Federal Rule of Civil Procedure 15(a) states that a district court "should freely give leave [to amend] when justice so requires." The Court finds that plaintiff should be given leave to file a second amended complaint and re-allege his age and disability discrimination claims.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss, with Brief in Support [docket no. 09] as follows:

(A)    The Court GRANTS defendant's Motion to Dismiss with Brief in Support, and

(B)    The Court GRANTS plaintiff's request to amend his complaint. Said Amended Complaint shall be filed within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 28th day of October, 2013.**

*VICKI MILES-LaGRANGE*
CHIEF UNITED STATES DISTRICT JUDGE